ORIGINAL

# United States Court of Appeals for the Federal Circuit

FILED
JUL 3 2008
U.S. COURT OF FEDERAL CLAIMS

2008-5021

VOLODYMYR NAUMENKO

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the UNITED STATES COURT OF FEDERAL CLAIMS

in CASE NO(S). 07-CV-577

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED**

ENTERED BY ORDER OF THE COURT

DATED MAY 12 2008

Jan Horbaly, Clerk

ISSUED AS A MANDATE: JUL - 3 2008

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Date: 7/3/08

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5021

VOLODYMYR NAUMENKO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Volodymyr Naumenko, of North Hollywood, California, pro se.

Anna Bondurant Eley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeanne E. Davidson, Director, and Steven Gillingham, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Lawrence M. Baskir

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5021

VOLODYMYR NAUMENKO,

Plaintiff-Appellant

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-577, Judge Lawrence M. Baskir.

---

DECIDED: May 12, 2008

---

Before MICHEL, Chief Judge, CLEVENGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Plaintiff-Appellant Volodymyr Naumenko appeals a decision of the U.S. Court of Federal Claims ("CFC") dismissing his complaint for lack of subject matter jurisdiction. Because Mr. Naumenko is unable to show that his claims fall within the statutorily defined jurisdiction of the CFC, we affirm.

This court reviews a decision of the CFC dismissing a complaint for lack of jurisdiction without deference. Sanders v. United States, 252 F.3d 1329, 1333 (Fed. Cir. 2001). The plaintiff has the burden of establishing that the CFC has jurisdiction

over his complaint. Id. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(3).

Under the Tucker Act, 28 U.S.C. § 1491, the CFC is a court of limited jurisdiction. The Tucker Act provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). It is well-established that "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citing United States v. Mitchell, 463 U.S. 206, 216 (1983).

In this case, Mr. Naumenko seeks damages for, inter alia, constructive wrongful termination of employment, employment discrimination, fraud, battery, a violation of California labor law, intentional infliction of emotional distress, negligence, premises liability, strict liability for ultrahazardous activity, and stolen property. The caption of Mr. Naumenko's complaint filed in the CFC names as Defendants "Technical Trouble Shooting, Anesko Inc., et al." J.A. at 1. After reviewing Mr. Naumenko's complaint, the trial judge issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. In the show cause order, the trial judge noted that Mr. Naumenko's complaint appears to seek damages from private parties, not the United States, and that 28 U.S.C. § 1491 only grants the CFC jurisdiction over suits against the

United States. In his response to the show cause order, Mr. Naumenko stated that he has paid Social Security and Medicare taxes, and that he and his family are in the United States pursuant to a green card. Mr. Naumenko also mentioned patent law and suggested the existence of an express or implied contract with the United States. Lastly, Mr. Naumenko appeared to suggest that his claims are directed against private parties, stating that "the insurance company[ie]s falcificate [sic] and lie on all of documents and stat[e]ments, this should be looked at by the federal jurisdiction." J.A. at 11.

After reviewing Mr. Naumenko's response to the show cause order, the trial judge dismissed Mr. Naumenko's complaint for lack of subject matter jurisdiction. In the order of dismissal, the trial judge explained that Mr. Naumenko "failed . . . to cite to a specific statute, provision of the U.S. Constitution, Executive Order, regulation, or any specific express or implied contract with the United States which entitles him to collect money damages from the Federal Government, as required by the Tucker Act." J.A. at 16. The trial judge also noted that Mr. Naumenko's complaint appeared to be directed against private parties, rather than the United States.

In his submissions to this court, Mr. Naumenko does not identify any claim against the United States. Instead, Mr. Naumenko seeks a judgment against several private parties including, inter alia, "Anesko, Technical Trouble Shooting . . . Law offices CA Bar, . . . Universal Care Inc, Golden Eagle Inc, . . . ." Appellant Supp. Memorandum at 2-3. Because Mr. Naumenko has not identified any claim against the United States, we agree with the trial judge that the CFC lacks jurisdiction over Mr. Naumenko's

complaint. Accordingly, we affirm the decision of the CFC dismissing Mr. Naumenko's complaint for lack of subject matter jurisdiction.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: Valerie [signature] Date: 7/3/08